## Erlebacher, Inc., v. Owen

*Barnie F. Winkelman*, for plaintiff.
*T. Ewing Montgomery*, for defendant.

OLIVER, P. J., April 20, 1949.—This is an action brought by Erlebacher, Inc., which conducts a store in Washington, D. C., for the sale of women's wearing apparel, against retired Rear Admiral George T. Owen, to recover the sum of $2,828.30 for alleged "necessaries" sold to and charged against Mary Owen, who was then the admiral's wife.

Defendant and Mary Owen first separated in 1939 when he was stationed in Coco Solo, in the Panama Canal Zone. She left him in that year, and returned to Washington where she has since resided. Whether that date or 1943 marks their final separation is immaterial. It is a fact that for a substantial number of years they have been living apart. During all that period he provided for her, giving her in allotments at least one third of his pay.

He also got for her a ship's service card which entitled her to courtesy discounts. It did not obligate either him or ship's service to pay her bills, and it gave her no right to obtain credit or to open charge accounts.

While Mary Owen lived in Washington during the years they were separated, defendant, because of being stationed at other places, was in Washington, D. C., only on rare occasions.

In November of 1939 Mary Owen opened an account in her name in plaintiff's store. It was carried in her name continuously until about January 1947. In all that period the purchases were modest and the unpaid balances small. The highest balance was $563.95 in September 1941. That dropped down to $198.90 by the end of the year. The highest balance between then and December 1946 was $298.16 in April 1943. On December 23, 1946, the balance was only $100.35. Then Mary Owen went upon a deliberate spending spree with the obvious purpose of getting revenge upon defendant.

In a period of less than 30 days she ran up her account at plaintiff's store from $100.35 to $2,828.30. During approximately the same period she also ran up charges at other stores in sums aggregating $4,887. One bill covered eleven pairs of shoes ranging in price from $15 to $27. Previously all charges had been modest in nature and they had only infrequently exceeded $100 per month.

This spending spree was apparently Mary Owen's retaliation for the fact that defendant caused papers in divorce to be served upon her in September 1946.

Her counsel has tried to make it appear that Mary Owen was merely trying to dress in accordance with her station in life and that the purchases were "necessaries". That claim has absolutely no merit. Mary Owen had never previously found it necessary to engage in such outrageous extravagances in order to

maintain her station. In fact, she testified that she associated with people of the same rank as her husband (and therefore obviously with people of very limited incomes) ; and that she had dressed in the same general manner as they and yet was a credit to her husband. All of that she had done on the modest basis evidenced by the small monthly purchases at plaintiff's store prior to her spending spree in late December 1946 and early January 1947. During all the years she had done so she had obtained her support from the allotments made for her benefit by defendant. She was still receiving such an allotment at the time she testified in these proceedings.

The total charges run up by Mary Owen in the short period referred to were approximately equal to defendant's entire annual pay, whereas in the preceding 10 years she had never incurred any obligation to defendant's knowledge beyond the sums he had paid her by allotment. In that long period she had always been dressed neatly and had not complained. There was no legal justification whatever for the sudden change in her purchasing habits.

Not only did Mary Owen buy extravagantly and wildly for her own use, she also made substantial purchases for her daughter, who was 26 years of age and self-supporting, employed at a good salary. In addition she had a charge account against her daughter transferred to her own account. Then the grand total at the last moment was charged by plaintiff against defendant, without his knowledge or consent, by the simple expedient of using a lead pencil to strike out the abbreviatoin "Mrs.", in the name "Owen, Mrs. George T. (Mary)" on plaintiff's books, and writing in in pencil the abbreviation "Capt.".

Clearly the items purchased, in the short period referred to, were not necessaries. They were not pur-

chased for the account of defendant and they were not at the time of purchase charged to defendant.

Furthermore, defendant and Mary Owen had for years been living separate and apart and he had provided adequately for her support by a generous and proper allotment. Defendant had not authorized the opening or the carrying of the account by Mary Owen with plaintiff, and when the charges were brought to his attention in January 1947 he at once repudiated them and suggested both to plaintiff and to Mary Owen that the merchandise should forthwith be returned.

The court finds in favor of defendant.